**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1569
_____

GUO CHUN CHEN,
                                        Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent.

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-813-621)
Immigration Judge:  Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2011
Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 24, 2011)
_____

OPINION
_____

PER CURIAM

        Guo Chun Chen petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying his motion to reconsider and to reopen his removal

proceedings.  For the reasons that follow, we will deny the petition for review.

Because the parties are familiar with the background, we will present it here only briefly. Chen is a native and citizen of China who entered the United States in 2006 without being admitted or paroled after inspection by an immigration officer. His application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") was based on his claim concerning enforcement of China's coercive population control laws; he asserted that his wife was forced to have an abortion and that they feared future sterilization because they had violated the laws. In August 2008, the Immigration Judge ("IJ") denied all forms of requested relief and ordered Chen's removal to China. In August 2009, the BIA agreed with the IJ's decision and dismissed his appeal.

In September 2009, Chen filed a "motion to reconsider," contending that he feared returning to China because of a change in his circumstances, namely, that he had begun practicing Falun Gong. He submitted a new asylum application with his motion, along with a personal affidavit and an affidavit from a friend. On February 2, 2010, the BIA construed the motion both as a timely motion to reconsider and as a timely motion to reopen, but it denied the motion. Regarding the motion to reconsider, the BIA concluded that Chen had not shown any basis for reconsideration because he alleged no factual or legal errors in the prior decision. As for the motion to reopen, the BIA found that Chen's evidence failed to establish that he was prima facie eligible for asylum or withholding or removal. The BIA deemed the CAT claim waived, but also determined that Chen had not made a prima facie showing of a probability of torture. This petition for review followed.

2

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Chen's motion to reconsider and motion to reopen, and we apply the abuse of discretion standard to our review. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under that standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Id. (citing Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

We first consider Chen's argument concerning the denial of the motion to reconsider. Although Chen acknowledges that a motion to reconsider must specify the errors of fact or law at issue in the prior BIA decision, see 8 C.F.R. § 1003.2(b)(1), he does not argue that he complied with that requirement. The record shows that Chen's motion did not specify any errors of law or fact in the BIA's decision denying relief on his claim concerning enforcement of China's coercive population control laws. We conclude that the BIA did not abuse its discretion in denying the motion to reconsider.

As for Chen's motion to reopen, he alleged new facts and new evidence in arguing that reopening of the immigration proceedings was warranted. See 8 C.F.R. § 1003.2(c)(1). Motions to reopen are reserved for only "compelling circumstances." See Guo, 386 F.3d at 561. A motion to reopen must establish prima facie eligibility for relief, that is, a reasonable likelihood of establishing entitlement to relief, upon review of evidence accompanying the motion as well as record evidence. See id. at 563 and n.7 (citing Sevoian v. Ashcroft, 290 F.3d 166, 173 n.5 (3d Cir. 2002)). Such showing notwithstanding, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

3

Chen's new evidence consisted of his new asylum application, his personal affidavit, and his friend's affidavit. In summary, Chen's affidavit relates how, after having been distressed by the IJ's August 2008 denial of his asylum application, he began his study and practice of Falun Gong. He stated that on a Sunday in September 2008, he encountered Falun Gong practitioners in a park in Chinatown. He received some Falun Gong materials there, and he later purchased Falun Gong books and CDs from which he learned to practice. Chen began attending weekly group practice of Falun Gong, and he felt less pressure as a result. With his encouragement, his wife (who remains in China) began practicing Falun Gong in January 2009. They agreed that it was beneficial to their lives. Chen further stated that Chen's wife brought practitioners to his mother's home in April 2009 to practice Falun Gong. His mother began to practice with them, and her previously ill health improved. In August,[1] his wife, his mother, and other practitioners were arrested during a Falun Gong practice session and were detained by police. According to Chen, his younger brother bailed out his mother with 8000 RMB, but his wife remained detained. As for Chen's friend's affidavit, it states that the friend has witnessed Chen practicing Falun Gong in Chen's living room at his apartment, the last occasion having occurred on September 13, 2009, one week before the date of the affidavit.

Chen argues that the BIA did not meaningfully consider the material facts and

---

[1] Chen's affidavit provides an August 2008 date, but presumably, based on the other chronology, he intended the date to be in August 2009.

4

evidence he presented. However, the BIA's decision specifically mentions the evidence of Chen's Falun Gong practice and his wife's and his mother's arrests in China, but the BIA described the evidence as being "sketchy" and held that it was insufficient to establish prima facie eligibility for relief. Upon review of the motion and supporting evidence, it appears that the BIA was within its discretion to deny the motion to reopen. Chen provided no evidentiary support for the asserted new facts of his wife's and his mother's arrest and detention, or of his mother's eventual release as a result of his brother's having paid for bail. Concerning Chen's Falun Gong practice in the United States, his friend's affidavit states only that he saw Chen practicing Falun Gong in his apartment, with one date specified, with no mention of how was able to recognize that Chen was in fact practicing Falun Gong. Chen also presented no affidavits or other evidence from his weekly Falun Gong group to support the asserted new fact that he practiced Falun Gong every week. We discern no abuse of discretion in the BIA's denial of Chen's motion to reopen.

Accordingly, we will deny the petition for review